**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   JOHN BERMAN                          No. C-09-4065 MMC
12            Plaintiff,                  **ORDER DENYING PLAINTIFF'S MOTION
                                          TO REMAND; GRANTING PLAINTIFF'S
13       v.                               ALTERNATIVE MOTION TO CONSIDER
                                          FIRST AMENDED COMPLAINT FOR
14   OPENTV CORP., LIBERTY MEDIA          JURISDICTION DETERMINATION AND
     CORPORATION, WINK                    REMAND; DENYING DEFENDANTS'
15   COMMUNICATIONS, INC., and DOES 1-30  MOTION FOR PARTIAL SUMMARY
                                          JUDGMENT; DENYING PLAINTIFF'S EX
16            Defendants.                 PARTE APPLICATION FOR ORDER TO
                                          SHOW CAUSE
17   _____/
18
19        Before the Court are plaintiff John Berman's ("Berman") (1) "Motion to Remand" and
20   (2) "Alternative Motion to Consider First Amended Complaint for Jurisdiction Determination
21   and Remand," filed September 1, 2010 and September 3, 2010, respectively, and noticed
22   for hearing October 8, 2010.  Defendants OpenTV Corporation ("OpenTV"), Liberty Media
23   Corporation ("Liberty Media"), and Wink Communications, Inc. ("Wink") (collectively,
24   "defendants") have filed opposition, to which Berman has replied.  Also before the Court
25   are defendants' "Motion for Partial Summary Judgment," likewise noticed for hearing
26   October 8, 2010, and Berman's "Ex Parte Application for Order to Show Cause Why Rule
27   11 Violations Have Not Been Made by Defendants' Counselors," by which Berman seeks
28   sanctions for assertedly false representations contained in defendants' Motion for Partial
     Summary Judgment.

1   Having read and considered the papers filed in support of and in opposition to the
2   motions, the Court finds the matters suitable for decision on the parties' respective filings,
3   and rules as follows.[1]

4                                    **BACKGROUND**

5   On June 10, 2009, Berman filed suit against defendants in the Superior Court of
6   California in and for the County of San Mateo.  In the initial complaint ("Initial Complaint"),
7   Berman alleged that, on July 25, 2000, he and Wink entered into a Settlement and License
8   Agreement ("S & L Agreement" or "Agreement") for the purpose of resolving an earlier
9   patent infringement lawsuit brought by Berman against Wink.  As alleged in the Initial
10  Complaint, the S & L Agreement granted Wink, in exchange for a one-time "lump sum" fee,
11  a license to use plaintiff's patents in the manufacture and sale of Wink products, which
12  license was not assignable except as part of Wink's acquisition by or merger with another
13  company; Wink was to inform Berman of any such acquisition or merger, and the license
14  would be limited to products Wink had "documented and dated" prior to the acquisition or
15  merger, or their functional equivalents.  (Initial Compl. ¶¶ 5, 9.)

16  The Initial Complaint further alleged that, in or about October 2002, Wink was
17  acquired by Liberty Media, which shortly thereafter transferred ownership to OpenTV, thus
18  triggering the above-referenced clause limiting the license to Wink's pre-acquisition
19  products.  Lastly, the Initial Complaint alleged that "[d]efendants were and still are, making
20  use of the [p]atents beyond the applications covered by the lump sum licensing fee paid
21  pursuant to the S & L Agreement."  (Initial Compl. ¶ 9.)

22  Based on the above allegations, Berman asserted two state law claims:  (1) "Breach
23  of Contract," and (2) "Fraud by Promise Made without Intent to Perform."

24  On September 2, 2009, defendants removed the action from the state court to this
25  District pursuant to 28 U.S.C. §§ 1338, 1441, and 1446.

26  Thereafter, on August 13, 2010, Berman filed his First Amended Complaint for

27

28          [1] By order filed October 6, 2010, the Court vacated the hearing on the motions.

1   Damages ("FAC"), by which Berman removed all references to defendants' use of his

2   patents and added an allegation that the Agreement's "upon-acquisition" limitation "restricts

3   an acquirer's right to make, use, sell, offer for sale, import, [or] develop modified Wink

4   Products" (FAC ¶ 5)[2]; the FAC describes said restriction as a "software freeze" (id.) and

5   alleges defendants "are making use of and marketing modified Wink Products," which

6   activities are "contrary to the restriction-upon-acquisition," (FAC ¶ 9).

7           Shortly after the filing of the FAC, Berman filed the instant motions.

8                                    **LEGAL STANDARD**

9   **A.     Remand of Initial Complaint**

10          Removal is proper under 28 U.S.C. § 1441(b) for actions over which a federal district

11  court could have exercised original jurisdiction.  The removing party bears the burden of

12  establishing removal is proper.  See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195

13  (9th Cir. 1990).  Removal statutes are strictly construed, such that any doubts must be

14  resolved in favor of remand.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

15          Federal district courts have original and exclusive jurisdiction in "any civil action

16  arising under any Act of Congress relating to patents."  28 U.S.C. § 1338(a).  Federal

17  jurisdiction under § 1338(a) extends "only to those cases in which a well-pleaded complaint

18  establishes that federal patent law creates the cause of action or that plaintiff's right to relief

19  necessarily depends on resolution of a substantial question of federal patent law, in that

20  patent law is a necessary element of one of the well-pleaded claims."  Christianson v. Colt

21  Indus. Operating Corp., 486 U.S. 800, 808–09 (1988).

22          To determine the applicability of §1338(a), courts look to "what necessarily appears

23  in the plaintiff's statement of his own claim . . ., unaided by anything alleged in anticipation

24  or avoidance of defenses."  Id. at 809.  "If on the face of a well-pleaded complaint there are

25  reasons completely unrelated to the provisions and purposes of the patent laws why the

26  ————————————————

27          [2] As alleged in the FAC, the Agreement defines "Wink Products" as the products
    "Wink has made, used, sold, offered for sale or imported to the United States and is
28  currently and in the future will continue, making, developing, using, selling, offering for sale
    or importing to the United States . . . and services using said products."  (FAC ¶ 5.)

1  plaintiff may or may not be entitled to the relief it seeks, then the claim does not arise under

2  those laws." Id.

3        Federal jurisdiction does not arise merely because a patent or a patent application is

4  involved in the underlying dealings between the parties. See Id. at 809.  Nor is it sufficient

5  that a state cause of action requires examination, discussion, or citation of patent-related

6  laws and regulations. See Kroll v. Finnerty, 242 F.3d 1359, 1365–66 (Fed. Cir. 2001).  On

7  the other hand, "a plaintiff may not defeat removal by omitting to plead necessary federal

8  questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).  "[M]erely because a

9  claim makes no reference to federal patent law does not necessarily mean the claim does

10 not 'arise under' patent law." Christianson, 486 U.S. at 809 n.3.

11 **B.     Remand of Amended Complaint**

12       Where a complaint is properly removed  to federal court, but where a subsequent

13 amendment to the pleadings eliminates the federal question, the district court has

14 discretion as to whether to remand the remaining claims, or whether to exercise pendent

15 jurisdiction. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (holding

16 "pendant jurisdiction is a doctrine of discretion," by which "the values of judicial economy,

17 convenience, fairness, and comity" are implicated (internal quotation and citation omitted));

18 see also Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealer, Inc., 159 F.3d 1209, 1213 (9th

19 Cir. 1998) (noting "a plaintiff may not compel remand by amending a complaint to eliminate

20 the federal question upon which removal was based").

21                                      **DISCUSSION**

22       Berman contends (1) removal of the Initial Complaint was improper because the

23 Initial Complaint did not present a federal question; and (2) even if removal of the Initial

24 Complaint was appropriate, the Court should exercise its discretion to remand because any

25 federal question has been removed from his amended complaint.   Defendants contend (1)

26 removal was proper and (2) a federal question remains in the FAC because Berman's

27 claims require resolution of a substantial question arising under federal patent law,

28 specifically, whether defendants infringed Berman's patents.

                                            4

**A.      Removal of Initial Complaint**

The Initial Complaint accused defendants of breaching the S & L Agreement by defendants' "making use of [Berman's] [p]atents beyond the applications covered" by the Agreement.  (Initial Compl. ¶ 9.)  Where a plaintiff asserts that a breach of contract occurs from a defendant's infringement of the plaintiff's patents, the breach of contract claim necessarily depends on resolution of a substantial question of patent law.  <u>See</u> <u>U.S. Valves, Inc. v. Dray</u>, 212 F.3d 1368, 1372 (Fed. Cir. 2000) (finding patent jurisdiction over breach of contract claim where breach alleged was defendant's sale of products covered by patent).

Here, in his Initial Complaint, Berman expressly alleged that, by selling certain products, defendants breached the S & L Agreement by "making use of [his] [p]atents" beyond the use allowed under the Agreement.  Resolution of said claim would require a court to construe the patent to determine whether such products were covered by Berman's patents.  Consequently, "patent law is a necessary element of one of the well-pleaded claims" in the Initial Complaint.[3]  <u>See</u> <u>Christianson</u>, 486 U.S. at 808–09.

**B.      Remand of FAC**

In the FAC, as noted, Berman no longer alleges that defendants' used plaintiff's patents, and, instead, alleges more generally that defendants' activities are "contrary to the restriction-upon-acquisition."  (FAC ¶ 9.)[4]

Defendants argue federal jurisdiction nonetheless continues to exist because Berman can only establish a breach of the S & L Agreement if he ultimately proves defendants infringed his patents.  In response, Berman states he is pleading, in the FAC, that the agreement is breached by defendants' post-acquisition sale of any non-

---

[3] Berman's fraudulent inducement claim does not arise under federal law.  The question of whether Wink intended to fulfill its obligations under the S & L Agreement when it entered into such contract does not require interpretation of any patent or resolution of a substantial question of federal law.

[4] Similarly, the FAC no longer requests a reasonable licensing fee as a prayer for damage.

functionally-equivalent modified Wink products, irrespective of whether such products infringe his patents.  (See Reply at 11:8-12 ("[T]he [A]greement is breached by shipping post-acquisition, modified Wink Products . . . because it's not just infringing products that are addressed by the Agreement.").)

Berman is free to disavow any rights he might have under federal law.  By amending his complaint to remove any allegation that defendants are infringing his patents and by disavowing any claim based on patent infringement, Berman has eliminated any need to consider a substantial question of federal law.  See, e.g. Tech. Licensing Corp. v. Intersil Corp., No. C 09-04097 RS, 2009 WL 5108395, at *2–3 (N.D. Cal. Dec. 18, 2009) (holding that "plaintiffs' insistence . . . that they have not relied, and will not rely, on any aspect of federal patent law to support their state law [unfair competition] claims is sufficient to defeat federal jurisdiction"; noting "[p]laintiffs' choice to forego reliance on [federal patent law], of course, will be binding . . . [and] plaintiffs will be precluded from arguing in state court defendants' conduct is unfair, fraudulent, or illegal by virtue of [federal patent law] or any other federal law").

Accordingly, as federal question jurisdiction no longer exists and the case is in its early stages, the Court will exercise its discretion to remand.  See Carnegie-Mellon, 484 U.S. at 350 ("[W]hen the federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.")

**Conclusion**

For the reasons stated above, plaintiff's Motion to Remand is hereby DENIED; plaintiff's Alternative Motion to Consider First Amended Complaint for Jurisdiction Determination and Remand is hereby GRANTED, and the above-titled action is hereby REMANDED to the Superior Court of California in and for the County of San Mateo.

In light of the above, defendants' Motion for Partial Summary Judgment and Berman's Ex Parte Application for Order to Show Cause are hereby DENIED without prejudice to refiling in state court.

6

1    The Clerk shall mail a copy of this order and a copy of the file to the Clerk of said

2   Superior Court, and shall close the file.

3

4    **IT IS SO ORDERED.**

5

6   Dated:  October 12, 2010

7                                              MAXINE M. CHESNEY
                                               United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7